AO 91 (Rev. 11/11) Criminal Complaint
**FILED**
APR 06 2023
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ BPA _____ DEP CLK

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Rashon MCNEIL<br><br>*Defendant(s)* | Case No. 5:23-mj-1352-JG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 23, 2023** in the county of **Wake** in the **Eastern** District of **North Carolina**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 U.S.C. § 841(a)(1) | Distribution of Twenty-Eight Grams or More of Cocaine Base |

This criminal complaint is based on these facts:

See attached.

☑ Continued on the attached sheet.

On this 6 day of APRIL 2023, MATTHEW ~~appeared~~ Wescoe Appeared before me via reliable electronic means, was placed under oath and attested to the contents of this affidavit, via telephone.

*Matt Wescoe* 3974
*Complainant's signature*

Matthew Wescoe, ATF Task Force Officer
*Printed name and title*

~~Date:~~

City and state: Raleigh, NC

*Judge's signature*

U.S. Magistrate Judge James E. Gates
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**AFFIDAVIT**

1. I, Detective Matthew D. Wescoe, have been a Law Enforcement Officer with the Raleigh Police Department since January of 2015 when I began the Raleigh Police Department Police Academy/NC Basic Law Enforcement Training (NCBLET). I am currently a detective assigned to the Criminal Enterprise Drug Unit (CEDU) and I have been dually sworn with the Bureau of Alcohol, Tobacco, Firearms and Explosives as a Task Force Officer (ATF Violent Crimes Task Force) since October of 2022. Prior to this assignment, I was a detective assigned to Drugs and Vice team II (DV2) for approximately one (1) year and seven (7) months. Prior to being promoted to detective, I was a patrol officer assigned to the Southeast District for approximately six (6) years. I have received training in weapon and drug enforcement through the Raleigh Police Department's Academy, and regularly scheduled in-service training sessions. I have also received training in the field of investigation, detection, and identification of illegal drug sales and illegal weapon violations. Throughout my career I have received specialized training in the investigation, detection, and identification of illegal drug sales, illegal weapon violations, and criminal street gangs. Additionally, I have received specialized training in various interview and interrogation techniques and of specialized training in

developing and using informants. Through my training and experience, I am familiar with the persons, practices, and with the appearance, packaging, manufacturing, sales, and distribution of illegal controlled substances. During my career I have utilized my training and experience to conduct investigations that have led to the arrest and conviction of individuals for violations of the North Carolina Controlled Substance Act G.S. 90-95 as well as the Federal Controlled Substance Act 21 U.S.C. 841(a)(1). I have also conducted numerous firearm investigations that have led to the arrest and recovery of illegal firearms in violation of North Carolina General Statue 14-415.1 and Federal Firearms Laws under 18 U.S.C. 922. I graduated from Elon University in 2013 with a Bachelor of Science Degree in Political Science.

2. This affidavit is based my personal knowledge and information supplied by other law enforcement officers, surveillance, and reviewing law enforcement reports. This affidavit does not set forth all information known to your affiant about this case and is being submitted for the purpose of providing sufficient information to establish probable cause for an arrest warrant for Rashon MCNEIL (MCNEIL).

3. On March 23, 2023, a Confidential Informant (CI), who is known to be credible and has been proven reliable, met with law enforcement at a pre-determined meeting location (PDML). The Confidential Informant had arranged to purchase eighty-four (84) grams of crack cocaine from MCNEIL for three thousand dollars ($3,000.00). Law enforcement then established surveillance

at MCNEIL's residence located at 1014 Hadel Place in Knightdale, North Carolina and court authorized electronic surveillance also placed MCNEIL at the residence. Under the direction and control of law enforcement, the CI placed a monitored and recorded telephone call to MCNEIL. MCNEIL told the CI that MCNEIL was ready and told the CI to go to "the spot." Law enforcement then conducted a search of the CI's person and vehicle for contraband with a negative result. The CI was then provided with three thousand dollars ($3,000.00) of Raleigh Police Department Special Funds and the CI was outfitted with an audio/video recording device. The CI then left the PDML and drove to the MCNEIL's residence while being followed by law enforcement. The CI called MCNEIL while driving and MCNEIL told the CI to go to "Mingo," which is the Mingo Creek neighborhood where MCNEIL lives. When the CI arrived, MCNEIL instructed the CI to park in the parking lot. Surveillance units that were in place observed MCNEIL leaving the vestibule area of his residence. MCNEIL then walked over to the CI's vehicle and got into the front passenger seat of the CI's vehicle. MCNEIL then handed the CI eighty-four (84) grams of crack cocaine and the CI handed MCNEIL three thousand dollars ($3,000.00). The CI then asked MCNEIL if he could get a firearm to sell the CI. MCNEIL then told the CI that "Niko got a Glock for sale." MCNEIL further stated that "Niko" tried to sell the firearm to MCNEIL. MCNEIL stated, "I got two (2) big ass guns in the house. I don't need all those guns. I only got two (2) hands. I can't shoot three (3) guns at one time. The

two I got are good enough. At the end of the day, when it's time to go down, I got one that holds sixty (60) and one that holds twenty (20). So I got eighty ways to kill a nigga, alright." MCNEIL then exited the CI's vehicle. Surveillance units then observed MCNEIL walk back to the vestibule of MCNEIL's residence. The CI drove back to the PDML, while being followed by law enforcement, where the CI turned over all of the evidence to include the eighty-four (84) grams of crack cocaine and the audio/video recording device to law enforcement. The eighty-four (84) grams of crack cocaine field tested positive for the presumptive presence of crack cocaine and was sent to the City-County Bureau of Identification (CCBI) for analysis.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

4. Based on the facts and details listed above, your affiant submits that there is probable cause to believe that on March 23, 2023, Rashon MCNEIL did Distribute Twenty-Eight Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1).

*Matt Wescoe 3974*

Task Force Officer Matthew D. Wescoe
Bureau of Alcohol, Tobacco, Firearms and Explosives


On this 6 day of April 2023, Matthew Wescoe appeared before me via reliable electronic means, was placed under oath and attested to the contents of this Affidavit, via telephone.

James E. Gates
United States Magistrate Judge
Eastern District of North Carolina